UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Vanessa Rodrigues,<br><br>  Plaintiff<br><br>v.<br><br>10th Judicial District Court, *et al.*,<br><br>  Defendant | 2:24-cv-01566-JAD-MDC<br><br>**Order Adopting Report and Recommendation to Close Case**<br><br>ECF Nos. 1, 3 |

**On 9/5/42, the magistrate judge entered the following report and recommendation:**

Pending before the Court are *pro se* plaintiff Vanessa Rodrigues's[1] *Motion/Application to Proceed In Forma Pauperis* ("IFP") (ECF No. 1) and Complaint (ECF No. 1-1). IT IS RECOMMENDED that Plaintiff's Complaint is DISMISSED WITHOUT LEAVE TO AMEND and her IFP DENIED AS MOOT.

**DISCUSSION**

I. **IFP APPLICATION**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he must pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d

---

[1] Plaintiff is an incarcerated individual in the custody of Florence McClure Women's Correctional Center ("FMWCC"). *See* https://ofdsearch.doc.nv.gov/ (inmate id: 1283578).

1

1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2). Even if this action is dismissed, the prisoner must still pay the full filing fee pursuant to § 1915(b) and the monthly payments from his inmate account will continue until the balance is paid.

For an inmate to apply for in forma pauperis status, the inmate must submit all three of the following documents to the Court: (1) a completed Application to Proceed In Forma Pauperis for Inmate, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed Financial Certificate, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the inmate's prison or jail trust fund account statement for the previous six-month period. See 28 U.S.C. § 1915(a)(1)– (2); Nev. Loc. R. Prac. LSR 1-2.

Plaintiff's IFP application is incomplete. Plaintiff has not submitted a financial certificate that has been signed by both her **and** a prison or jail official. Plaintiff has also not provided an inmate trust fund account statement for the previous six-month period. Therefore, the Court denies plaintiff's IFP application for this reason. And for the reasons stated below, the court recommends denying the application as moot.

//

//

//

## II. COMPLAINT

### A. Legal Standard

When a plaintiff seeks to proceed IFP, the court must screen the complaint. 28 U.S.C. § 1915(e). Section 1915(e) states that a "court shall dismiss the case at any time if the court determines that (A) the allegations of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(A), (B)(i)-(iii). Section 1915A has similar screening standards and states, that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).

The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Dismissal for failure to state a claim under § 1915 incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed pro se is "to be liberally construed" and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, **unless** it is clear from the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (emphasis added). At issue is whether plaintiff's complaint states a plausible claim for relief.

### B. Analysis

Although plaintiff's IFP has not been granted, the Court screens her Complaint because it appears that most, if not all, of her claims may be barred as a matter of law. Plaintiff expressly names as defendants the 10th Judicial District Court, a judge for the 10th Judicial District Court, her public defender, and a district attorney. Plaintiff also appears to identify the State of Nevada as another defendant. Plaintiff's claims fail as a matter of law because of (1) *Heck* Doctrine, (2) immunity, and (3) ineffective counsel claims are better brought as a *habeas* petition.

#### a. *Heck* Doctrines Bar The Suit

Plaintiff requests that both her convictions be expunged from her record and that she receives monetary damages for being "falsely imprisoned." However, plaintiff is barred as a matter of law. If a § 1983 case seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by habeas petition, or through similar proceeding. *See Heck v Humphrey*, 512 U.S. 477, 483-87 (1994). Under *Heck*, a party who is convicted of a crime is barred from bringing suit under a § 1983 if judgment in favor of that party would necessarily imply the invalidity of conviction or sentence. *See Whitaker v. Garcetti*, 486 F.3d 572, 582 (9th Cir. 2007) (citing *Heck*, 512

U.S. at 487). Claims or challenges to the validity or duration of confinement are matters of habeas corpus relief per 28 U.S.C. § 2254. *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016). Plaintiff fails to assert that her convictions were overturned, thus, plaintiff cannot challenge her conviction and make requests for damages. A plaintiff cannot make claims for both civil rights violations per 42 U.S.C. §1983 and for habeas corpus relief per 28 U.S.C. § 2254 in the same action. *Nettles*, 830 F.3d at 927 (reiterating that "habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"); *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (holding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"). Plaintiff's claims are barred as a matter of law under the *Heck* doctrine. To the extent that plaintiff's claims aren't barred under *Heck*, they are barred for other reasons, as discussed below.

### b. Immunity

#### i. Eleventh Amendment Immunity

The State of Nevada (to the extent it is an actual defendant) and the 10th Judicial District Court of Nevada cannot be named as defendants because they are entitled to Eleventh Amendment immunity. The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity…against one of the United States by Citizens of another State…." U.S. Const. amend. XI. Therefore, "[a] suit generally may not be maintained directly against the State itself, or against an agency or department of the State, unless the State has waived its sovereign immunity." *Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684, 102 S. Ct. 3304, 73 L. Ed. 2d 1057 (1982) (internal citations omitted). Nevada has explicitly refused to waive its immunity to suit under the eleventh amendment. *See* Nev. Rev. Stat. § 41.031(3). "The Supreme Court has made it clear

that section 1983 does not constitute an abrogation of the eleventh amendment immunity of the states." *O'Connor v. Nevada*, 686 F.2d 749, 750 (9th Cir. 1982) (citing *Quern v. Jordan*, 440 U.S. 332, 338-41, 99 S. Ct. 1139, 1144-1145, 59 L. Ed. 2d 358 (1979)). Since Nevada has explicitly refused to waive its Eleventh Amendment immunity, and there is no indication that it consented to the suit, it cannot be named as a defendant. Therefore, the state of Nevada must be dismissed as a matter of law. And for the same reasons, the 10th Judicial District Court must be dismissed. *See Crowe v. Or. State Bar*, 989 F.3d 714, 730 (9th Cir. 2021) (The Eleventh Amendment bars federal suits against states as well as arms of the state, "regardless of the nature of relief sought.") (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)); *see also* S*immons v. Sacramento County Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (state courts are "arms of the state" and entitled to Eleventh Amendment immunity).

### ii. Judges Are Entitled To Judicial Immunity

Plaintiff names Judge Thomas L. Stockard as a defendant, however, Judge Stockard cannot be named as a defendant because he is entitled to judicial immunity. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman*, 793 F.2d at 1075 (citing *Cleavinger v. Saxner*, 474 U.S. 193, 106 S. Ct. 496, 500, 88 L. Ed. 2d 507 (1985)). "A judge loses absolute immunity only when he acts in the clear absence of all jurisdictions or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (internal citations omitted). Liberally construing plaintiff's claims, it seems that she is alleging that Judge Stockard acted in a retaliatory manner and acted erroneously. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("A document filed *pro se* is 'to be liberally construed[.]'"); ECF No. 1-1. However, such allegations are not enough to nullify judicial

immunity. *See Mireles v. Waco*, 502 U.S. 9, 13, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *see also Forrester v. White*, 484 U.S. 219, 227, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988) (a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive"); *Stump v. Sparkman*, 435 U.S. 349, 355–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978) ("Grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity."). Plaintiff fails to allege that Judge Stockard's actions lacked jurisdiction or that the acts were not judicial in nature. Plaintiff seems only to allege that there were errors and potentially malice in Judge Stockard's. Thus, plaintiff's claims against Judge Stockard are barred as a matter of law.

### iii. District Attorneys Are Entitled To Prosecutorial Immunity

Plaintiff's claims against District Attorney Chelsea D. Sanford are barred because Ms. Sanford is entitled to prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427, 47 L. Ed. 2d 128, 96 S. Ct. 984 (1976) (holding that prosecutors are also entitled to absolute immunity from section 1983 claims). "Prosecutors are entitled to prosecutorial immunity from § 1983 actions when performing functions intimately associated with the judicial phase of the criminal process." *Lopez v. California*, 2023 U.S. App. LEXIS 27937, at *4 (9th Cir. Oct. 20, 2023); *see also Ray v. Lara*, 31 F.4th 692, 699 (9th Cir. 2022) ("It has long been established that prosecutors enjoy absolute immunity from damages suits under § 1983 for activities that are 'intimately associated with the judicial phase of the criminal process.'"). "Such immunity applies even if it leaves the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." *Ashelman*, 793 F.2d at 1075 (internal citations omitted). The functional nature of the activities being performed, not the status of the person performing determines whether absolute immunity attaches. *See Stapley v. Pestalozzi*, 733 F.3d 804, 810 (9th Cir. 2013). "Where a prosecutor acts as an advocate in initiating a prosecution and in presenting the state's case, absolute immunity applies." *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 678 (9th Cir. 1984). Here, plaintiff alleges that Ms. Sanford obtained "sealed PSI

record[s]" and used them against her in court proceedings. However, prosecutorial immunity applies in such instances even when the act is "malicious or dishonest." *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005) ("Thus, a prosecutor enjoys absolute immunity from a suit alleging that he maliciously initiated a prosecution, used perjured testimony at trial, or suppressed material evidence at trial."). Because plaintiff fails to allege that Ms. Sanford acted outside her role as an advocate for the state, Ms. Sanford is entitled to prosecutorial immunity.

### c. Section 1983 Is Not The Proper Avenue To Bring An Ineffective Counsel Claim

Plaintiff's § 1983 suit is not the proper avenue to assert claims against her public defender, Wright M. Noel, for ineffective counsel. *See Berry v. State of Nev.*, 2022 U.S. Dist. LEXIS 168574, *4-5 (D. Nev. Sept. 19, 2022) (citing *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (finding that plaintiff may assert a Sixth Amendment ineffective counsel argument against his defense counsel in direct appeal, post-conviction, or habeas proceeding but not in a § 1983 proceeding)). Plaintiff even seems to admit that the proper procedure is a post-conviction appeal or *habeas* proceeding. *See* ECF No. 1-1 at 14. Therefore, plaintiff's claims against her public defender for ineffective counsel are barred as a matter of law. If plaintiff wishes to raise the issue of ineffective counsel, it is better brought as an appeal or a *habeas* proceeding.

**III. CONLUSION**

Plaintiff's claims are barred under the *Heck* doctrine because she seeks relief that would necessarily invalidate her conviction. Alternatively, her claims are barred for several other reasons. Plaintiff's claims against the State of Nevada and the 10th Judicial District Court are barred under the principle of Eleventh Amendment Immunity. Plaintiff's claims against Judge Stockard are barred under the principle of Judicial Immunity. Plaintiff's claims against D.A. Sanford are barred under the principle of Prosecutorial Immunity. Plaintiff's claims against her public defender, Ms. Noel, are barred because a § 1983 suit is not the proper avenue to bring ineffective counsel claims. Amendment would be futile

because her claims are barred as a matter of law and cannot be cured. If plaintiff wishes to challenge her conviction, she is better off bringing her case as a *habeas* petition.

ACCORDINGLY,

**IT IS RECOMMENDED that:**

1. Plaintiff's Complaint (ECF No. 1-1) be DISMISSED in its entirety without leave to amend.

2. Plaintiff's IFP application (ECF No. 1) be DENIED AS MOOT.

3. The Clerk of Court send plaintiff forms for filing a *habeas* petition and instructions for the same.

DATED this 5th day of September 2024.

IT IS SO RECOMMENDED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## ORDER

The deadline for any party to object to this recommendation was 9/19/24, and no party filed anything or asked to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the report and recommendation, I find good cause to adopt it, and I do. IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No. 3] is ADOPTED in its entirety. This case is DISMISSED** without leave to amend because amendment would be futile, and the application for leave to proceed in forma pauperis **[ECF No. 1] is DENIED** as moot.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: September 22, 2024

9